IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDON MOYE,

        Plaintiff,

    v.

WORKERS' COMPENSATION BOARD,

        Defendant.

No. 3:14-cv-1957-HZ

OPINION & ORDER

Brandon Moye
P.O. Box 18090
Portland, OR 97218

    Plaintiff Pro Se

HERNÁNDEZ, District Judge:

    Pro se plaintiff Brandon Moye brings this action against Defendant Workers' Compensation Board. Plaintiff moves to proceed *in forma pauperis*. Because he has no appreciable income or assets, the Court grants the motion. However, for the reasons explained below, the Court dismisses the Complaint with prejudice.

///

///

1- OPINION & ORDER

STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (B) the action or appeal–
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); see also Neitzke v. Williams, 490 U.S. 319, 324 (1989) (*sua sponte* dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); Lopez v. Smith, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Jackson v. State of Ariz., 885 F.2d 639, 640 (9th Cir. 1989).

As the Ninth Circuit has instructed however, courts must "continue to construe pro se filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A pro se complaint filed "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130–31.

DISCUSSION

I.    Allegations

Plaintiff's Complaint includes two marked checkboxes indicating that the basis for federal court jurisdiction is both "federal question" and "diversity of citizenship." As the basis for federal question jurisdiction, Plaintiff writes:

2- OPINION & ORDER

>I was injured at Esco Corporation on purpose because I'm Black called Niggers, Black Brandon Black Boy was intenally [sic] injured and now have permant [sic] disabilities

The Complaint states Plaintiff's claim in the following way:

>Perment [sic] injuryed [sic] disbilities [sic] on meds, nerve damage, memory problems ect [sic] work comp is not playing fair & refuses to look at fact on pain I'm in not someone else opinion who didn't get injured.

As for the relief sought, Plaintiff asks the Court to "take a look at this case and u can clearly I was injured because I am black and discriminated against."

II.     Pleading Standard

The Federal Rules of Civil Procedure describe "a liberal system of 'notice pleading.'" Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168, (1993). This notice pleading system "requires a complaint to contain (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" Walsh v. Nevada Dep't of Human Res., 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (internal quotation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. (internal quotation omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal

3- OPINION & ORDER

quotation and citation omitted). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." Id.

Here, Plaintiff fails to assert a "short and plain statement" of his claims. Plaintiff's statements of his claim and the relief sought are so lacking in specific factual content that the Court cannot draw a reasonable inference that Defendant is liable for misconduct. Thus, the Complaint fails to state a claim under Iqbal.

III.   Jurisdiction

Rule 8 requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). Federal courts are courts of limited jurisdiction. Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998 (9th Cir. 2007). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. Diversity jurisdiction requires that all plaintiffs be of different state citizenship than all defendants. Pullman Co. v. Jenkins, 305 U.S. 534, 541 (1939). To establish diversity jurisdiction, plaintiffs must allege that they are citizens of one state, that all of the defendants are citizens of other states, and that the damages are more than $75,000.

In his Complaint, Plaintiff indicates that the basis for jurisdiction is both federal question and diversity. However, he cites no federal constitutional, statutory, or treaty right at issue in the case. Furthermore, when asked to identify the state of citizenship for each party, Plaintiff writes "citizen." Because Plaintiff fails to identify the basis for federal jurisdiction, this Court lacks subject matter jurisdiction and must dismiss the Complaint. See Fed.R.Civ.P. 12(h)(3) (court is

4- OPINION & ORDER

required to dismiss an action if the court determines that it lacks subject matter jurisdiction); Scholastic Entm't, Inc. v. Fox Entm't Group, Inc., 336 F.3d 982, 985 (9th Cir. 2003).

IV.     Eleventh Amendment

Plaintiff seeks to bring a claim against the Workers' Compensation Board. His claim, even if properly stated, would be barred by the Eleventh Amendment. See Lee v. Workers' Comp. Appeals Bd. of State of California, 7 F. App'x 658, 659 (9th Cir. 2001); see also Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) ("The Eleventh Amendment's jurisdictional bar covers suits naming state agencies and departments as defendants, and applies whether the relief sought is legal or equitable in nature.").

V.      Federal Court Intervention in a State Administrative Proceeding

The Court cannot determine from Plaintiff's Complaint whether he has a case pending in front of the Workers' Compensation Board. If so, then Plaintiff's Complaint must be dismissed because "federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism." Johnson v. Telew, No. CIV. 06-6297-AA, 2007 WL 414346, at *2 (D. Or. Feb. 2, 2007) (citing Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson, 48 F.3d 391, 393 (9th Cir.1995) (additional citation omitted). Furthermore, if Plaintiff seeks to appeal an order of the Workers' Compensation Board, he must do so at the Oregon Court of Appeals and the Oregon Supreme Court. Or. Rev. Stat. §§ 656.298(1) and 2.520.

VI.     Potential Civil Rights Act Claim

The Court could construe Plaintiff's Complaint as alleging that he was injured at work because of his race. If Plaintiff seeks to allege a violation of Title VII of the Civil Rights Act of 1964, which prohibits discrimination in employment, then he must bring an action against his

5- OPINION & ORDER

employer. Because the Workers' Compensation Board was not his employer, his Complaint—even if it properly identified Title VII as the federal statute at issue—would be dismissed.

VII.    Leave to Amend

For all of the reasons above, the Complaint must be dismissed. Additionally, because Defendant is subject to Eleventh Amendment Immunity and because Plaintiff must seek review of a Workers' Compensation Board decision with the Oregon appellate courts, the Complaint is dismissed with prejudice, as amendment would be futile. See Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); but see Carrico v. City and Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend is properly denied "if amendment would be futile").

VIII.   Motion to Appoint Counsel

Finally, Plaintiff moves for a court-appointed attorney. There is no constitutional right to counsel in a civil case. United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986). However, pursuant to 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. Mallard v. United States Dist. Ct. of Iowa, 490 U.S. 296, 301-08 (1989).

Here, it is inappropriate to consider Plaintiff's request when the Court is dismissing the case. The Court denies the motion for appointment of counsel.

///

///

///

6- OPINION & ORDER

CONCLUSION

Plaintiff's application to proceed *in forma pauperis* [1] is granted, but Plaintiff's Complaint [2] is dismissed with prejudice and Plaintiff's motion for appointment of counsel [3] is denied.

IT IS SO ORDERED.

Dated this 26 day of Dec, 2014

_____
MARCO A. HERNÁNDEZ
United States District Judge

7- OPINION & ORDER